**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Russell Kayer,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, Director, Arizona Department of Corrections,<br><br>    Respondent. | No. CV 07-2120-PHX-DGC<br><br>DEATH PENALTY CASE<br><br><br>**ORDER** |

Before the Court is Petitioner's Motion to Schedule Emergency Case Management Conference or, in the Alternative, Grant Equitable Tolling. (Dkt. 9.) Petitioner is "concerned that the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act ("AEDPA") may expire on December 3, 2007." (*Id.*) He seeks a case management conference to discuss that concern or a ruling from this Court that he is entitled to equitable tolling. (*Id.*) Respondent opposes the motion. (Dkt. 14.) For the reasons set forth herein, the motion is denied without prejudice as premature.

**BACKGROUND**

Petitioner is an Arizona prisoner under sentence of death. On June 29, 1999, the Arizona Supreme Court issued its opinion affirming Petitioner's conviction and sentence. *State v. Kayer*, 984 P.2d 31 (1999). The United States Supreme Court denied certiorari on February 28, 2000. *Kayer v. Arizona*, 528 U.S. 1196 (2000). The Arizona Supreme Court did not issue its mandate in Petitioner's case until January 25, 2001. On that same date, the

court, pursuant to Ariz. R. Crim. P. 32.4(a), also filed an automatic notice of postconviction relief ("PCR") on Petitioner's behalf. The delay in issuing the mandate and filing the PCR notice was based on the court's inability to find available counsel to represent Petitioner in the PCR proceedings. *See State v. Kayer*, No. CR-97-0280-AP (Ariz.) (Order filed Dec. 14, 2001).

Petitioner's PCR proceedings concluded on October 30, 2007, when the Arizona Supreme Court denied a petition for review. In accordance with A.R.S. § 13-706(A) and Ariz. R. Crim. P. 31.17(c)(1), the court thereafter issued a warrant of execution. On November 2, 2007, Petitioner, acting *pro se*, filed in this Court a motion to stay his pending execution, an application to proceed *in forma pauperis*, a motion for appointment of counsel, and a statement indicating his intent to file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkts. 1-4.) On November 5 and 6, 2007, the Court issued orders staying Petitioner's execution, appointing the Federal Public Defender to represent Petitioner, and setting an initial case management conference for January 16, 2008. (Dkts. 5, 7.) The instant motion followed.

**DISCUSSION**

Under the AEDPA, a one-year statute of limitations applies to a prisoner's application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period generally commences on "the date on which the judgment became final by the conclusion of direct review." *Id.* A judgment becomes final for the purposes of § 2244(d)(1) when the United States Supreme Court denies a petition for certiorari or affirms the conviction on the merits or when the time for seeking certiorari expires. *Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) (citing *Clay v. United States*, 537 U.S. 522, 531 (2003)). A petitioner is entitled to tolling of the limitations period during the pendency of "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). In Arizona, a PCR notice is the triggering event for postconviction review, and tolling under § 2244(d)(2) commences when it is filed. *See Isley v. Ariz. Dep't of Corr.*, 383 F.3d 1054, 1055-56 (9th Cir. 2004).

1        Applying these standards, Petitioner's one-year period began to run on February 29, 2000, the day after his petition for certiorari was denied by the United States Supreme Court. *See Patterson v. Stewart,* 251 F.3d 1243, 1245-46 (9th Cir. 2001). Statutory tolling of the limitations period began 331 days later on January 25, 2001, when the Arizona Supreme Court filed the PCR notice on Petitioner's behalf.[1] This left 34 days (until December 3, 2007) to timely file a federal habeas petition following the conclusion of Petitioner's state PCR proceedings on October 30, 2007. Petitioner therefore seeks equitable tolling for the 331-day period between the denial of certiorari and the filing of the state PCR notice.

       In *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007), and *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005), the Supreme Court assumed without deciding that the AEDPA's statute of limitation could be equitably tolled. Citing the standard for equitable tolling set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), the Court observed that a litigant generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Federal appellate courts have held that the AEDPA statute of limitation may be equitably tolled, applying the same criteria. *See Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc); *Howell v. Crosby*, 415 F.3d 1250 (11th Cir. 2005); *Taliani v. Chrans*, 189 F.3d 597, 597-98 (7th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *Miller v. New Jersey State Dep't Corr.*, 145 F.3d 616, 617-19 (3d Cir. 1998); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Thus, the Ninth Circuit has held that the limitation period may be

---

[1] On November 7, 2007, Petitioner's PCR counsel filed an emergency motion with the Arizona Supreme Court requesting that it issue an order setting the date of Petitioner's direct appeal mandate and his notice of post-conviction relief *nunc pro tunc* to February 28, 2000, the day the United States Supreme Court denied certiorari. (*See* Dkt. 9 at 7-8.) If the order is granted, it would toll the statute of limitations from that date. However, the Arizona Supreme Court is not expected to rule on the motion until November 29, 2007.

1  equitably tolled when "extraordinary circumstances beyond a prisoner's control make it
2  impossible to file a petition on time." *Beeler*, 128 F.3d at 1288.

3  Petitioner asserts that he is entitled to 331 days of equitable tolling because the
4  AEDPA provides a full year to prepare a habeas petition and because the state supreme
5  court's failure to locate available PCR counsel and file a prompt PCR notice were factors
6  beyond his control. Even were the Court to agree that the delay was beyond Petitioner's
7  control, *but see Lawrence*, 127 S. Ct. at 1085-86 (observing that a state's efforts to assist
8  prisoners in postconviction proceedings may not make the state accountable for a prisoner's
9  delay), and *Johnson v. McDonough*, 480 F.Supp.2d 1309, 1312-14 (S.D. Fla. 2007),
10 Petitioner's request is premature as the limitations period has not yet expired. The Court
11 declines to find, as a general rule, that an adequate petition requires one year of preparation
12 simply because the AEDPA provides that time period as a statute of limitations. *See Dennis*
13 *v. Woodford*, 65 F.Supp.2d 1093, 1097 & n.5 (N.D. Cal. 1999) (seven-month delay in
14 appointing attorney to represent petitioner did not warrant equitable tolling of limitations
15 period absent specific factual showing that counsel could not prepare timely petition).
16 Further, Petitioner has made no factual showing as to why a petition cannot be prepared in
17 the remaining time. Petitioner pursued a direct appeal in state court and spent over six years
18 pursuing state post-conviction relief. He has articulated no specific basis for his assertion
19 that there is insufficient time to file a petition that, at a minimum, raises the claims exhausted
20 in state court. *See* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of claims before relief
21 can be granted).

22 In the event that subsequent investigation identifies additional claims or facts in
23 support of a claim, Petitioner may seek to amend his petition. At that point, if the statute of
24 limitations is raised as an issue, the Court will provide ample opportunity to develop the facts
25 pertaining to any request for equitable tolling.

26 **IT IS ORDERED denying without prejudice** Petitioner's Motion to Schedule
27 Emergency Case Management Conference or, in the Alternative, Grant Equitable Tolling.
28 (Dkt. 9.)

**IT IS FURTHER ORDERED vacating** the case management conference scheduled for January 16, 2008 and **resetting** it for **December 12, 2007 at 3:30 p.m. in Courtroom 603, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, Arizona**.  At least ten (10) days prior to the conference, counsel for both parties shall confer and file with the Court a joint proposed briefing schedule an amended petition (if any), Respondent's answer, Petitioner's reply, and any motions for evidentiary development.

DATED this 19th day of November, 2007.

*/s/ David G. Campbell*
David G. Campbell
United States District Judge