**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Russell Kayer, | ) No. CV-07-2120-PHX-DGC |
| Petitioner, | ) <u>DEATH PENALTY CASE</u> |
| vs. | ) |
| Dora Schriro, et al., | ) **ORDER** |
| Respondents. | ) |

Before the Court are Petitioner's Motion for Reconsideration of Denial of Certificate of Appealability, Dkt. 57, and Rule 52(b) Motion to Amend Findings and Rule 59(e) Motion to Alter or Amend the Judgment, Dkt. 58. On September 19, 2009, the Court denied Petitioner's amended habeas corpus petition, granted a certificate of appealability ("COA") with respect to two claims, and entered judgment. Dkts. 55, 56. In the present motions, Petitioner asks the Court to reconsider its denial of a COA with respect to Claims 8, 10, and 11, and to alter or amend the judgment with respect to Claims 4, 15, and 16.

## DISCUSSION

A motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure is in essence a motion for reconsideration. Motions for reconsideration are disfavored and appropriate only if the court is "presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam) (quoting *389 Orange St.*

*Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Petitioner argues that he is entitled to reconsideration because this Court committed clear error in denying the following claims on the merits or denying a COA. The Court disagrees.

**Claim 4**

Petitioner alleged that he "was denied a trial by an impartial and representative jury in violation of the Sixth and Fourteenth Amendments to the United States Constitution when the trial court death qualified his jury," arguing that, "This line of questioning was not only unconstitutional, but given that Petitioner's jury played no role in determining his sentence, it was also entirely unnecessary." Dkt. 35 at 69, 72. In the pending motion, Petitioner emphasizes that the voir dire questions asked by the trial judge were "impermissible" under *Witherspoon v. Illinois*, 391 U.S. 510 (1968), and *Wainwright v. Witt*, 469 U.S. 412 (1985). Dkt. 58 at 5. This argument is unpersuasive.

In *Witherspoon*, the Supreme Court held that prospective jurors cannot be excused for cause "simply because they voiced general objections to the death penalty." 391 U.S. at 522. In *Witt*, the Court explained that the test for excusing a venire member is "whether the juror's views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." 469 U.S. at 424. Nothing in *Witherspoon* or *Witt* mandates a specific set of questions or proscribes the questions asked by the trial judge in Petitioner's case. *See Witt*, 469 U.S. at 424 ("determinations of juror bias cannot be reduced to question-and-answer sessions which obtain results in the manner of a catechism"). Moreover, with one exception, none of the prospective jurors were excused for cause based on their answers to the judge's questions.[1]

---

[1] As described in the Court's order denying the habeas petition, venire member DeMar was excused based on his answers to the court's death-qualification questions. Dkt. 55 at 42-47.

- 2 -

In support of his motion, Petitioner contends that the Court erred in its depiction of the questions asked by the trial judge and failed to address Petitioner's argument that he is entitled to relief under 28 U.S.C. § 2254(d)(2) because the Arizona Supreme Court, in denying this claim, made an unreasonable factual determination concerning the voir dire questions. *Id.* The Court disagrees with Petitioner's characterization, but in any event, because the questions asked by the trial judge were not constitutionally impermissible and did not result in the improper exclusion of jurors, Petitioner's argument fails.

In sum, the Arizona Supreme Court's rejection of this claim was not objectively unreasonable and this Court will not alter or amend its judgment denying habeas relief on Claim 4.

**Claims 8 and 10**

In Claim 8, Petitioner alleged that the trial court violated his rights under the Eighth and Fourteenth Amendments when it failed to find or consider mitigating circumstances established by the record. Dkt. 35 at 80. In Claim 10, he alleged that the trial court and the Arizona Supreme Court violated his right to the consideration of all relevant mitigation evidence when they refused to consider mitigating factors that did not have a "causal nexus" to the crime. *Id.* at 85. The state post-conviction court found the claims precluded as waived pursuant to Rule 32.2(a)(3) because they could have been raised on appeal. This Court found the claims procedurally barred and rejected Petitioner's argument that the default of the claims was caused by ineffective assistance of appellate counsel. Dkt. 55 at 51-52.

Petitioner requests the Court to reconsider its denial of a COA with respect to these claims. A COA may issue when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA

will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id.*

The Court's procedural ruling explained that for purposes of exhaustion, Petitioner was required to raise these claims in a motion for reconsideration to the Arizona Supreme Court. Dkt. 55 at 51-52. Petitioner challenges this conclusion, citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999), and arguing that this Court applied the exhaustion requirement in an overly restrictive manner. Dkt. 57 at 5. The Court disagrees. A motion for reconsideration is not an "extraordinary remedy." It is part of Arizona's "established, normal appellate review procedure." *Boerckel*, 526 U.S. at 845; *see Correll v. Stewart*, 137 F.3d 1404, 1418 (9th Cir. 1998) (motion for reconsideration is "an avenue of relief that the Arizona Rules of Criminal Procedure clearly outline"). Petitioner's failure to raise the claims in his motion for reconsideration and thus rendered the claims unexhausted.

Next, Petitioner argues that it would have been futile for him to raise the claims in a motion for reconsideration to the Arizona Supreme Court. Dkt. 57 at 5. This argument is insufficient to excuse his failure to exhaust the claims in state court. *Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988) ("the apparent futility of presenting claims to state courts does not constitute cause for procedural default") (citing *Engle v. Isaac*, 456 U.S. 107, 130 (1982)).

Petitioner also argues that the Court's analysis of the procedural status of Claims 8 and 10 is inconsistent with its handling of Claim 6, which challenged the application of an aggravating factor and which the Court found exhausted by the Arizona Supreme Court's actual review of the claim despite Petitioner's failure to raise the claim on appeal. Dkt. 57 at 6-7. There is no inconsistency. Unlike Claim 6, Claims 8 and 10 are not the type of claims exhausted by the Arizona Supreme Court's independent review of a capital defendant's sentence. *See Moormann v. Schriro*, 426 F.3d 1044, 1057-58 (9th Cir. 2005) (identifying claims that fall outside scope of supreme court's independent sentencing review).

Finally, Petitioner, relying on the arguments set forth in his habeas petition, contends that a COA is required with respect to the substance of Claims 8 and 10 because reasonable jurists could disagree with the Court's conclusion that the claims are without merit. Dkt. 57 at 7-8. Again, the Court disagrees. Under United State Supreme Court precedent, the sentencer in a capital case must consider all relevant mitigating information; that is, the sentencer may not "refuse to consider, *as a matter of law*, any relevant mitigating evidence" or otherwise exclude such evidence from its consideration. *Eddings v. Oklahoma*, 455 U.S. 104, 114-15 (1982); *see Lockett v. Ohio*, 438 U.S. 586, 604 (1978). Having heard and considered the relevant mitigating information, however, it is within the sentencer's discretion to "determine the weight to be given" to the evidence. *Eddings*, 455 U.S. at 115. As explained in the order denying the habeas petition, Dkt. 55 at 53-56, the record amply demonstrates that the trial court and the Arizona Supreme Court fulfilled their constitutional obligation by hearing and considering all of the mitigating evidence offered at sentencing. The courts were not barred from considering, and did not refuse to consider, such evidence. Therefore, because Claims 8 and 10 are without merit, appellate counsel's failure to raise them does not constitute cause for their default.

The Court will not revisit its denial of a COA with respect to Claims 8 and 10.

**Claim 11**

Petitioner alleged that he was denied a jury finding beyond a reasonable doubt on the facts that increased his sentence beyond the maximum imposable in violation of the Sixth, Eighth, and Fourteenth Amendments. Dkt. 35 at 94. Petitioner asks the Court to reconsider its denial of a COA with respect to this claim.

In support of this request, Petitioner repeats the arguments offered in his habeas petition – that his conviction was not final when *Apprendi v. New Jersey*, 530 U.S. 466 (2000), was decided and that the holding in *Apprendi* entitles him to relief. For the reasons already explained, the Court reiterates that Petitioner's conviction was final at the time of *Apprendi*. Moreover, *Apprendi* did not overrule *Walton v. Arizona*, 496 U.S. 639 (1990), on

the issue of capital sentencing, *Apprendi*, 530 U.S. at 496-97, and Petitioner's conviction was indisputably final when *Ring v. Arizona*, 536 U.S. 584 (2002), announced that only juries can determine the existence of aggravating factors necessary for imposition of the death penalty. These are not conclusions about which reasonable jurists could debate. Therefore, the Court will not issue a COA with respect to Claim 11.

**Claim 15**

Petitioner alleged that the trial court denied his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments when it refused to provide adequate funding for experts. Dkt. 35 at 107. The state post-conviction court found the claim precluded under Rule 32.2(a)(3), and this Court found the claim procedurally barred. Dkt. 55 at 12.

Petitioner now argues that Respondents failed to prove that "Arizona courts strictly and regularly hold that a failure to raise a 'denial of funding' claim on direct appeal constitutes waiver of that claim." Dkt. 58 at 7-8. Petitioner is incorrect. The Ninth Circuit has established that Rule 32.2(a)(3) is strictly and regularly followed by Arizona courts. *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998). This determination shifts the burden to Petition to "demonstrat[e] subsequent inconsistent application" of the rule. *King v. Lamarque*, 464 F.3d 963, 967 (9th Cir. 2006). Petitioner has failed to meet that burden by citing any cases that demonstrate a lack of consistent and regular application of Rule 32.2(a)(3) to claims regarding inadequate funding. Therefore, the Court will not alter or amend its judgment denying habeas relief on Claim 15.

**Claim 16**

Petitioner alleged that the trial court denied his rights under the Fifth, Sixth, and Fourteenth Amendments when it forced him to choose between "intrusions on his confidential communications with his attorney by courtroom deputies" or wearing a leg brace as a security measure. Dkt. 35 at 108. The state post-conviction court found the claim precluded and this Court found the claim procedurally barred. Dkt. 55 at 12. As cause for his default of the claim, Petitioner cited ineffective assistance of appellate counsel, an

allegation which the Court found meritless under *Strickland v. Washington*, 466 U.S. 668 (1984). Dkt. 55 at 62.

Petitioner offers nothing to convince the Court that this determination was erroneous. Because Petitioner opted not to wear restraints, and because there was no evidence that the presence of courtroom deputies interfered with his ability to communicate with his trial attorneys, appellate counsel was not constitutionally ineffective for failing to raise the claim. There is no reasonable probability that doing so would have changed the result of the appeal. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). The Court will not alter or amend its judgment denying habeas relief on Claim 16. Based on these same considerations, the Court will not reconsider its denial of an evidentiary hearing on the claim.

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration of Denial of Certificate of Appealability, Dkt. 57, and Rule 52(b) Motion to Amend Findings and Rule 59(e) Motion to Alter or Amend the Judgment, Dkt. 58, are **DENIED**.

DATED this 9th day of November, 2009.

David G. Campbell
United States District Judge