**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Russell Kayer, | No. CV-07-2120-PHX-DGC |
| Petitioner, | **ORDER** |
| v. | <u>DEATH PENALTY CASE</u> |
| Charles L. Ryan, et al., | |
| Respondents. | |

Before the Court is Kayer's motion for reconsideration. (Doc. 84.) Kayer asks the Court to reconsider its order denying the claims raised in his supplemental *Martinez* brief. (Doc. 81.) For the reasons set forth below, the motion is denied.

**DISCUSSION**

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Kayer asserts that the Court applied an incorrect standard in evaluating his arguments under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

In *Martinez*, the Supreme Court held that "when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances." 132 S. Ct. at 1318. As relevant here, one of those circumstances "is where appointed

1 counsel in the initial-review collateral proceeding, where the claim should have been
2 raised, was ineffective under the standards of *Strickland v. Washington,* 466 U.S. 668
3 (1984)." *Id.* The Court added that "[t]o overcome the default, a prisoner must also
4 demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a
5 substantial one, which is to say that the prisoner must demonstrate that the claim has
6 some merit." *Id.*

In addressing Kayer's defaulted claims of ineffective assistance of trial counsel, this Court reviewed Ninth Circuit cases analyzing *Martinez*, including *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798, 818 (9th Cir. 2015) (en banc). (Doc. 81 at 4–5.) In *Clabourne* the Ninth Circuit held that to demonstrate cause under *Martinez* a petitioner must establish that post-conviction counsel was ineffective according to the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, a petitioner must establish that counsel's performance was deficient and that "there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different." *Clabourne*, 745 F.3d at 377; *see Pizzuto v. Ramirez*, 783 F.3d 1171, 1178 (9th Cir. 2015). To establish "prejudice," the petitioner must show that the "underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* Citing *Clabourne*, this Court found that Kayer's default of the ineffective assistance claims was not excused because post-conviction counsel did not perform at a constitutionally ineffective level. (Doc. 81 at 15–17.)

In his motion for reconsideration, Kayer criticizes the *Clabourne* framework, which he contends is inconsistent with *Martinez* and the en banc opinion in *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014). (Doc. 84 at 4–5.) Kayer argues that *Dickens* "requires only a showing that the underlying trial-counsel ineffective assistance of counsel claim is substantial, and not a showing that the outcome of the post-conviction proceeding would have been different." (Doc. 84 at 5.)

- 2 -

The Ninth Circuit recently rejected this argument. In *Runningeagle v. Ryan*, No. 07-99026, 2016 WL 3213095, at *10 n.13 (9th Cir. June 10, 2016), the court "decline[d] to revisit the *Clabourne*/*Pizzuto* standard."

And even if nothing more than a "substantial" claim was required, it has not been shown here. The Court's previous decision correctly identified the test for a "substantial" claim under *Martinez*. (Doc. 81 at 5 ("a claim is substantial if it meets the standard for issuing a certificate of appealability).) The Court then specifically found that none of Kayer's defaulted ineffective assistance of counsel claims was "substantial" under this test. (Doc. 81 at 9, 12, 13, 15, 17-18.)

**IT IS HEREBY ORDERED** denying Kayer's motion to alter or amend judgment. (Doc. 84.)

Dated this 2nd day of August, 2016.

_____
David G. Campbell
United States District Judge